## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRUMAN K. MARRIS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **CASE NO. CIV-05-458-KEW** |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Claimant, Truman K. Marris, pursuant to 42 U.S.C. § 405(g), requests judicial review

of the decision of the Commissioner of the Social Security Administration ("Commissioner")

denying Claimant's application for disability benefits under the Social Security Act. In

accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a

United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit

Court of Appeals. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and

asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was

not disabled. For the reasons discussed below, the Court AFFIRMS the Commissioner's

decision.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental

impairment..." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act

only if his "physical or mental impairment or impairments are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work in the national economy..." Id. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term substantial evidence has been interpreted by the U.S. Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also Casias, 933 F.2d at 800-01.

**Claimant Background**

---

[1] Step one requires claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. See id. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

Claimant was born on February 2, 1946, and was 58 years old at the time of the hearing. He has an eighth grade education. Claimant previously worked as a janitor/stocker, gate guard, and security guard. Claimant alleges an onset date for disability of June 19, 2002, due to multiple impairments, including back pain, diabetes, heart problems, and depression.

## Procedural History

Claimant initially filed applications for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Supplemental Security Income (42 U.S.C. § 1381, et seq.) on January 5, 2001 alleging an onset date of March 21, 2000. Claimant's application for benefits was denied in its entirety initially and on reconsideration. ALJ Michael A. Kirkpatrick conducted a hearing on March 11, 2002 in Hugo, Oklahoma. By decision dated June 18, 2002, the ALJ found that Claimant was not disabled at any time through the date of the decision. On August 22, 2002, the Appeals Council denied the request for review.

On December 16, 2002, Claimant filed applications for disability benefits under Title II (42 U.S.C. § 401, et seq.) and Supplemental Security Income (42 U.S.C. § 1381, et seq.). Claimant's application for benefits was denied in its entirety initially and on reconsideration. ALJ Larry M. Weber conducted a hearing on Claimant's application on September 16, 2004 in Hugo, Oklahoma. By decision dated November 12, 2004, the ALJ found that Claimant was not disabled at any time through the date of the decision. On September 15, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined

Claimant retained the residual functional capacity (RFC) to perform a wide range of medium work. Claimant's past relevant work as a janitor/stocker was not precluded by his RFC.

**Review**

Claimant asserts that the Commissioner, through the ALJ and Appeals Council, erred in (1) failing to discuss significant and probative evidence in the record which conflicted with his findings; and (2) assessing a RFC level that is not supported by substantial evidence.

**Failure to Discuss Probative Evidence**

Claimant contends the ALJ erred by failing to discuss significant medical records prior to April, 2002, including the reports from Dr. Das and Dr. Stokes. All of these reports were submitted in connection to Claimant's initial application for benefits.

Claimant was evaluated by Dr. Mohan P. Das on March 30, 2001. Dr. Das diagnosed "Depressive disorder, NOS. Dysthymic disorder. Rule out mixed personality disorder with cyclothymic and somatization traits. Insulin dependent diabetis mellitus, chronic pain syndrome, arthritis." His prognosis was guarded. He opined that the Claimant seemed to have major medical problems which in turn seem to have brought on his depression and anxiety. He further found that Claimant has not been able to work for the past year. All of the above problems interfere with his ability to reason and make social, occupational and personal adjustments. (Tr. 209-211)

Claimant was evaluated by Dr. M. Young Stokes, III on April 16, 2001. On examination, Claimant's grip strength was 5/5 bilaterally and was considered normal. There was a healed 4-in scar of the right forearm. The left hip was tender. There was not pitting pedal edema. There was not clubbing and no cyanosis. Neurologically, Claimant's deep tendon reflexes were active and equal throughout at an intensity of 2+ for both upper extremities and 2+

for both patellar reflexes.  Right ankle jerk was 2+ and left ankle jerk was absent.  No pathologic reflexes were elicited.  Claimant's peripheral pulses were evaluated on a scale of 4+ showing 3+ for both upper extremities, 3+ for the lower right extremity and 2+ for the lower left extremity. Claimant's height was 70 inches and weight was 184 pounds.  Blood pressure was 150/90 mm Hg using a regular size cuff.  Visual acuity using the Snellen chart, uncorrected: 20/40 bilaterally.  Claimant's ability to hear conversational voices was within normal limits. There was no specific joint deformity, redness, heat, or swelling.  There was tenderness of the left hip, of the lumbar area, radiating into the left sciatica.  His gait was of normal speed, stability, and safety.  No assistive device was used for ambulation.  He was able to stand on his heels and toes. He was able to squat and rise from a squatting position, by holding to the examining table to rise to a standing position. Grip strength was 5/5 bilaterally, with 5/5 considered normal.  He was able to manipulate small or large items without any difficulty.  His diagnoses included: (1) insulin requiring diabetes mellitus; (2) hypertension; (3) bilateral cataracts; (4) low back syndrome with left sciatica.  (Tr. 213-220)

Claimant presented for treatment on July 24, 2001 for treatment with Dr. O'Neil with complaints of depression and hearing voices.  He was diagnosed with major depression, chronic and diabetic neuropathy.  (Tr. 413) On January 24, 2003, Claimant was treated for depression, chest pain, and elevated blood pressure.  (Tr. 443) Other records show difficulty controlling blood sugar and blood pressure.  (Tr. 408-409, 434, 494)

Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative.  Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996).  Here, any deficiency in opinion writing does not require reversal where it would not have a practical effect on the case

outcome.  Claimant has failed to establish that any omitted discussion of evidence was significantly probative.  This allegation of error is without merit.

## RFC Assessment

Next, Claimant argues the ALJ's determination he could perform a wide range of medium work is not supported by substantial evidence.  The ALJ found Claimant retained the RFC to lift and/or carry 50 pounds occasionally and 25 pounds frequently; stand and/or walk six hours of an eight-hour workday.  Additionally, Claimant could perform some simple and some detailed mental tasks in a non-public work setting.  (Tr. 29)

RFC is defined by the regulation as what a claimant can still do despite his or her limitations.   Davidson v. Secretary of Health & Human Serv., 912 F.2d 1246, 253 (10th Cir. 1990) citing 20 C.F.R. § 404.1545(a).  The Secretary has established RFC categories of sedentary, light, medium, heavy, and very heavy, based on the physical demands of the various kinds of work in the national economy.  See: 20 C.F.R. § 404.1567.  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."  Id. § 404.1567(c).

The transcript of the proceedings has been carefully reviewed by this Court.  This Court finds the ALJ's determination Claimant retained the RFC to perform a wide range of medium work is supported by substantial evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct

legal standards were applied, therefore the ruling of the Commissioner of Social Security

Administration is AFFIRMED.

DATED this 2nd day of November, 2006.

_____
KIMBERLY E. WEST
  UNITED STATES MAGISTRATE JUDGE